UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARCELLOUS L. WALKER,

        Petitioner,

v.                                           Case No. 09-CV-452

STEVE WATTERS,

        Respondent.

_____

## ORDER

On May 5, 2009, petitioner Marcellous Walker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a bench trial in Milwaukee County Circuit Court, Walker was found, on April 24, 1997, to be a "sexually violent person" under Wis. Stat. § 980.05. Walker was, therefore, committed to institutional care, per Wis. Stat. § 980.06, in a secure mental health facility, as provided in Wis. Stat. § 980.065, for control, care and treatment until such time as he is no longer a sexually violent person. Walker is currently confined at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted as well as those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Walker's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Walker's petition is untimely. According to the information provided in his federal habeas petition, Walker did not appeal his commitment, and the deadline for such an appeal has long since expired. *See* Wis. Stat. 808.04(1). Indeed, it does not appear Walker took any action in the state courts until he filed a habeas petition in Juneau County Circuit Court on August 12, 2008. The defendant is not alleging that the state court's denial of that petition gives rise to his present claim that he is being held in violation of the Constitution, rather, his first four grounds for challenging his confinement all allege that Wis. Stat. § 980 is unconstitutional.[1] Such claims certainly appear untimely, given that defendant was

---

[1] Petitioner includes a "Ground Five," however, it does not allege that he is being held in violation of the laws of the United States, but rather challenges the conditions of his confinement.

-2-

committed pursuant to § 980 in 1997. However, the court recognizes that it may not have the entire record before it, or that Walker may have a basis to argue equitable tolling, thus, the court will not dismiss his action on the grounds of timeliness.

The court continues its Rule 4 review by examining Walker's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that the claims in Walker's petition are not exhausted. The four habeas claims in his present petition all allege that Wis. Stat. § 980 violates

-3-

Case 2:09-cv-00452-JPS   Filed 06/23/09   Page 3 of 6   Document 4

various provisions of the United States Constitution and the Wisconsin Constitution. It appears he may have raised at least some of these claims[2] in his petition for a writ of habeas corpus to the Juneau County Circuit Court in 2008. The Juneau County Court quashed Walker's writ, and the matter was dismissed on November 24, 2008. On the same day, Walker filed a motion for reconsideration in the Juneau County Court. That motion for reconsideration was denied on December 11, 2008. Plaintiff did not appeal that denial to the Wisconsin Court of Appeals; instead he sought to commence an original habeas action in the Wisconsin Supreme Court. The Wisconsin Supreme Court denied Walker's petition to commence an original action.

Walker's efforts to commence an original action in the Wisconsin Supreme Court do not fulfill the exhaustion requirement that claims be submitted to the highest state court for a ruling on the merits. Under Wis. Stat. § 809.70, a person may request that the Wisconsin Supreme Court take jurisdiction of an original action. Whether the court does take jurisdiction is entirely within the court's discretion. The U.S. Supreme Court has previously held, in *Castille v. Peoples*, 489 U.S. 346 (1989) that an issue is not "fairly presented" when it is raised only in the context of a state supreme court where it will not be evaluated on the merits unless "there are special and important reasons therefor." Pa. Rule App. Proc. 1114 (cited in *Castille*, 489 U.S. at 351). Similar to the procedural rule cited in *Castille*, the Wisconsin Supreme Court "limits its exercise of original jurisdiction to exceptional cases in which a

---

[2] Because the court finds that Walker did not exhaust any of his claims, it is unnecessary to determine which claims he actually did present to the Juneau County Circuit Court.

-4-

Case 2:09-cv-00452-JPS   Filed 06/23/09   Page 4 of 6   Document 4

judgment by the court significantly affects the community at large." *Wisconsin Professional Police Ass'n, Inc. v. Lightbourn*, 2001 WI 59, ¶ 4, 627 N.W.2d 807, ¶ 4. Thus, though the present situation is not identical to *Castille*, in so much as Walker first raised his claims in the county court, the principle – that an original action filed with a state supreme court does not "fairly present" the issues in that action for the purposes of exhaustion[3] – seems equally applicable. *See Sweet v. Cupp*, 640 F.2d 233, 237-39 (9th Cir. 1981) (interpreting Oregon Supreme Court's letter order summarily denying petitioner's habeas petition as not constituting a decision based on the merits, based on availability of remedies in lower courts and supreme court's policy of not exercising original jurisdiction over habeas cases). Because Walker bypassed the Wisconsin Court of Appeals and took his habeas petition directly to the state supreme court, in a manner where that court was almost certainly not going to consider the merits of the case, Walker did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, Walker's claims were not exhausted in state court. Accordingly, it would be improper for this court to entertain these claims at this time.

Therefore,

---

[3] This obviously would not hold true if the state supreme court did not have the discretion to decline to consider the merits, or if the state supreme court had a policy of considering the merits of standard habeas cases. Neither is the case in Wisconsin. *See State ex rel. LeFebre v. Abrhamson*, 307 N.W.2d 186, 188 (Wis. 1981).

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2009.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge