# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARCELLOUS WALKER,

                Plaintiff,

    v.                                                Case No. 09-CV-452

STEVE WATTERS,

                Defendant.

_____

## ORDER

On May 5, 2009, petitioner Marcellous Walker, a person confined as a sexually violent person pursuant to a state court judgment, filed a petition for a Writ of Habeas Corpus. (Docket #1). The court, upon its Rule 4 screening of the petition, determined that Walker's petition was almost certainly untimely, and that he had failed to exhaust his state court remedies. The court accordingly denied Walker's petition. (Docket #4). Walker later filed a Motion for Reconsideration (Docket #6), which the court denied after finding that the information in the motion only served to underscore that Walker had failed to exhaust his state court remedies. (Docket #8). Walker thereafter filed a Notice of Appeal (Docket #9), which the court will treat as implying a request for a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a

"substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

Petitioner has not requested a COA; however, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. Because a separate request for a COA has not been filed, petitioner relies on his notice of appeal as support for his COA. "A petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a [COA] may issue only when 'the applicant has made a substantial showing of the denial of a constitutional right.'" *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). Walker's notice of appeal, however, does contain argument as to the merits of his appeal. He argues that the exhaustion requirement should be waived because he cannot exhaust his claims in state court, due to delay and postponement of state court proceedings.

Walker's argument, if the facts contained therein are true, is not wholly without merit, it is simply misplaced. According to Walker, in December 2006 he filed for a jury trial seeking discharge from his civil confinement as a sexually violent person.

He states that these discharge proceedings have been postponed four times over three years and are now set for trial on December 14, 2009. He argues that this delay is "inordinate" and "unjustifiable," thus permitting waiver of the exhaustion requirement. *See Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (holding that "[w]here state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable.").

Because of the delay in his state court discharge proceedings, Walker filed a state habeas action in Juneau County Circuit Court. That writ was quashed on November 24, 2008. Walker then filed a motion for reconsideration in the Juneau County Circuit Court, which was denied on the merits on December 11, 2008. Walker then filed an original state habeas action in the Wisconsin Supreme Court which was denied on February 10, 2009, without any indication that the merits of the claim were considered.

Walker's argument is that he cannot exhaust his claims because his state court discharge procedures are being inordinately delayed. However, this court did not hold that Walker's claims were not exhausted because his discharge proceedings are still pending; the court ruled his claims were not exhausted because he did not adequately present his appeal of the quashing of his habeas petition to each level of the state courts. The circuit court reviewed his habeas action (in which he raised the same grounds he raises in the instant habeas action). However, after the circuit court denied him, he did not present his claims to the Wisconsin Court of Appeals. He sought to present his claims to the Wisconsin Supreme Court via an

original action; however, as this court pointed out in its order, an original action filed with a state supreme court does not "fairly present" the issues in that action for the purposes of exhaustion. It was this failure to exhaust his state court remedies on which this court based its ruling – a basis completely independent from the action (or lack thereof) being taken in his state discharge proceedings. If, after the quashing of his habeas petition, and denial of the motion for reconsideration thereon, petitioner had appealed to the Wisconsin Court of Appeals, and then, if denied, presented those same claims to the Wisconsin Supreme Court, then it seems that Walker would have a strong argument that he had sufficiently exhausted his claims. As he did not do this, the court finds that he has no argument for why he has failed to exhaust these claims. Thus, while the court is concerned about the lengthy delay in Walker's discharge trial, the fact is that the issues Walker raises in the instant federal habeas action could have been exhausted in his state post-conviction habeas action, but they were not.

Accordingly,

**IT IS ORDERED** that petitioner's implied request for certificate of appealability be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge